UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DUANE WOODBURY, : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | 3:13-CV-912 (JCH) |
| v. : | |
| : | |
| ROBERT JOHNSON, et al., : | JUNE 23, 2014 |
|     Defendants. : | |

**RULING RE: DEFENDANT ROBERT JOHNSON'S MOTION TO DISMISS**
**(Doc. No. 40)**

### I.  INTRODUCTION

Plaintiff Duane Woodbury ("Woodbury") brings this action pursuant to section 1983, title 42 of the United States Code, against defendants Connecticut State Trooper Robert Johnson ("Johnson") and Meriden Police Sergeant George DelMastro ("DelMastro").  In his Amended Complaint, Woodbury alleges that his First, Fourth, and Fourteenth Amendment rights were violated when he was unlawfully arrested in retaliation for reporting the sexual abuse of his granddaughter and when the defendants interfered with his right to assist his granddaughter in litigating her civil rights claims. See Amended Complaint ("Am. Compl.") (Doc. No. 31) at 1.[1]  Johnson moves to dismiss Counts One and Two against him, pursuant to Rule 12(b)(6), claiming: (1) Woodbury's action is barred by the statute of limitations; (2) there is no permissible cause of action for a negligent investigation; and (3) there is no permissible cause of

---

[1] In the Amended Complaint (Doc. No. 31), paragraphs 39 through 43 are repeated on pages 7 through 11 with different content. For the sake of clarity and consistency, the court will cite the Amended Complaint by page number instead of paragraph number.

1

action for failure to prosecute.  Defendant's Memorandum in Support of Motion to Dismiss ("MTD Mem.") (Doc. No. 40-1) at 3-7.[2]

For the reasons stated below, Johnson's Motion to Dismiss (Doc. No. 40) is **GRANTED**.

## II.  BACKGROUND

From 2001 until 2003, Duane and Roberta Woodbury had custody of their grandchildren, A.M. and L.M.  Am. Compl. at 3.  In December 2003, Roberta Woodbury reported to the Connecticut Department of Children and Families ("DCF") that A.M. claimed she was sexually abused by her biological father, Luis Melendez.  Id.  Following A.M.'s one-on-one interview with DCF case worker Kim Schilling, A.M. claimed that Schilling sexually abused her during the interview.  Id. at 4.  Duane and Roberta Woodbury believed A.M's accusations and jointly decided to report the incident.  Id.  However, Woodbury alleges that, due to State Trooper Johnson's improper investigation and tampering with evidence, "the entire investigation was quashed."  Id. at 6.

Several years later, in August 2007, A.M. accused Duane Woodbury of sexually abusing her.  Id.  On October 20, 2007, Woodbury was arrested in relation to these claims.  Id.  However, On April 14, 2010, the charges against him were nolle prossed,[3] and all information pertaining to these charges was erased on May 14, 2011.  Id. at 7.[4]

---

[2] Woodbury's Amended Complaint also contains allegations against defendant DelMastro. However, because these allegations are not under review in the current Motion to Dismiss, the court does not address them here.

[3] "A nolle prosequi is a unilateral act by a prosecutor, which ends the pending proceedings without an acquittal and without placing the defendant in jeopardy . . . . Under Connecticut law, a nolle prosequi terminates the prosecution, but the prosecuting authority is permitted to initiate a new action against the defendant within the statute of limitations . . . . A nolle prosequi may not be entered if the

2

Woodbury filed a Complaint in state court on May 14, 2013, which was removed to this court on June 26, 2013.  Notice of Removal (Doc. No. 1) at 1.  In his Amended Complaint, he alleges that his First, Fourth, and Fourteenth Amendment rights were violated by Johnson and seeks redress pursuant to section 1983.  Am. Compl. at 1.  First, Woodbury alleges that Johnson's "failure to do a complete investigation" and his "tamper[ing] with evidence" in 2004 was the cause of Woodbury's arrest in 2007.  Id. at 6-7.  Second, he claims that Johnson interfered with his efforts to protect his granddaughter's civil rights and that his subsequent arrest was in retaliation for reporting A.M.'s claims of sexual abuse by Schilling, a state employee.  Id. at 7-8.

### III. STANDARD OF REVIEW

A case is properly dismissed under Rule 12(b)(6) if the complaint fails to allege facts sufficient "to state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009).  As articulated by the Supreme Court in Iqbal and Twombly, the standard for dismissal on a Rule 12(b)(6) motion reflects two working principles.  See Pension Ben.

---

accused objects and demands either a trial or dismissal . . . . Criminal charges that have been nolled are erased thirteen months after entry of the nolle prosequi."  Roberts v. Babkiewicz, 582 F.3d 418, 420 (2d Cir. 2009) (internal quotation marks and citations omitted).

[4] There is a discrepancy in the dates provided by Woodbury.  The Amended Complaint states that the charges against Woodbury were nolle prossed on April 14, 2010, and then "dismissed by operation of law May 14th, 2013."  Am. Compl. at 7.  However, in Woodbury's Memorandum in Opposition to the Motion to Dismiss, he provides the same nolle date, but claims that the charges were dismissed on May 14, 2011. Memorandum of Law in Support of Plaintiff's Objection to Defendant Johnson's Motion to Dismiss ("Mem. in Opp.") (Doc. No. 51) at 1.  The court believes the May 14, 2013 date is a typo, and the May 14, 2011 date is correct, based on Conn. Gen. Stat. § 54-142a, which states in relevant part: "Whenever any charge in a criminal case has been nolled in the Superior Court, or in the Court of Common Pleas, if at least thirteen months have elapsed since such nolle, all police and court records and records of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased."

Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 717 (2d Cir. 2013). First, the court's customary acceptance of all allegations in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678. Hence, to survive a motion to dismiss, a complaint must provide more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. Second, assuming the truth of all well-pleaded factual allegations, and drawing all reasonable inferences in the plaintiff's favor, the court must determine whether these allegations and inferences plausibly entitle the plaintiff to relief—that is, whether the complaint shows "more than a sheer possibility that a defendant has acted unlawfully." Id. This second task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## IV.   DISCUSSION

Johnson first argues that the statute of limitations for section 1983 bars Woodbury's action for unlawful arrest. MTD Mem. at 3.

Because Congress did not enact a statute of limitations governing section 1983 actions, courts must borrow the "most appropriate" or "most analogous" statute of limitations from state law. Lounsbury v. Jeffries, 25 F.3d 131, 133 (2d Cir. 1994) (quotation marks and citations omitted). The Second Circuit has determined that section 1983 claims arising in Connecticut are governed by Conn. Gen. Stat. § 52–577, which provides a three year limitation period. Id. at 133-34.

While state law governs the length of the statute of limitations for section 1983 claims, federal law governs the accrual of those claims. See Wallace v. Kato, 549 U.S. 384, 388 (2007). "The statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by

4

criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 397; see also Poventud v. City of New York, No. 12-1011-cv, 2014 WL 182313, at *8 (2d Cir. Jan. 16, 2014) ("When a plaintiff is unlawfully arrested without probable cause, his § 1983 claim accrues before any conviction." (citing Wallace, 549 U.S. at 397)).  Because Woodbury was arrested on October 20, 2007, and did not file this Complaint until May 14, 2013, his unlawful arrest claim is dismissed as barred by the three year statute of limitations.

Although Woodbury's Amended Complaint alleges unlawful arrest, he indicates that the "favorable termination" rule for malicious prosecution should dictate when his claim accrued.  Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Mem. in Opp.") (Doc. No. 51) at 2.  In actions for malicious prosecution, the "favorable termination" element requires the plaintiff to show that the criminal charges in question terminated in her favor.  See Singleton v. City of New York, 632 F.2d 185, 194-95 (2d Cir. 1980).  Using the malicious prosecution standard would seem to benefit Woodbury because the statute of limitations for malicious prosecution claims starts to run "only when the underlying criminal action is conclusively terminated," not at the time of arrest. Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995).  Furthermore, the Second Circuit has held that, in Connecticut, a nolle prosequi may qualify as favorable termination for the purposes of a malicious prosecution claim when the nolle was not conditioned on some arrangement with the defendant.  Roberts v. Babkiewicz, 582 F.3d 418, 420-21 (2d Cir. 2009).

Assuming arguendo that Woodbury could bring a malicious prosecution claim, he would nonetheless be barred by the statute of limitations.  Woodbury's criminal charges

were nolle prossed on April 14, 2010, and he did not file his Complaint until May 14, 2013, which exceeds the three year statute of limitations.  Mem. in Opp. at 1. Woodbury argues, however, that the court should use the erasure date (May 14, 2011), instead of the nolle date (April 14, 2010), to determine when his section 1983 claim accrued.  Id.  However, because a nolle meets the favorable termination element for malicious prosecution, the claim accrues at that date.  See Manson v. Narus, No. 3:08-CV-1(JCH), 2008 WL 4911152, at *2 (D. Conn. Nov. 11, 2008) (holding that the statute of limitations for malicious prosecution started to run once the prosecution "abandoned the case" by issuing a nolle prosequi).  Therefore, even if Woodbury's Complaint alleged malicious prosecution instead of unlawful arrest, it would still be time barred.

Because Woodbury's claims[5] against Johnson are barred by the statute of limitations, the court need not reach Johnson's additional arguments for dismissal.

## V.   CONCLUSION

For the reasons set forth above, the court **GRANTS** defendant Johnson's Motion to Dismiss (Doc. No. 40).

---

[5] Although Woodbury's Amended Complaint contains two counts against Johnson, the court believes they amount to one cause of action: false arrest.  See Am. Compl. at 3, 7 (alleging in Count One a violation of plaintiff's Fourth and Fourteenth Amendment rights, and in Count Two, a violation of his First and Fourteenth Amendment rights).  To the extent that Woodbury's allegations of "retaliation" and "interference with his right to assist his granddaughter" could be construed as distinct causes of action, they would nonetheless remain actions in tort pursuant to section 1983, and therefore be barred by the three year statute of limitations.  Id. at 1.

**SO ORDERED.**

    Dated at New Haven, Connecticut this 23rd day of June, 2014.

                                    /s/ Janet C. Hall
                                    Janet C. Hall
                                    United States District Judge